IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VANGUARD ENERGY, LLC | § § | |
| v. | § § | Case No. 1:21-cv-117 |
| GLOBAL ENTERPRISE SOLUTIONS, LLC AND XD VENTURES, LLC | § § § § | Jury Demanded |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 14) FILED AND COUNTER-CLAIM SUBJECT TO DEFENDANTS' RULE 12 MOTIONS TO DISMISS**

Defendants Global Enterprise Solutions, LLC and XD Ventures, LLC file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Dkt. No. 14) filed and Counter-Claim subject to Defendants' Rule 12 Motions to Dismiss. Defendants respectfully show as follows.

### Section 1: Introduction

1.1  Defendants Global Enterprise Solutions, LLC ("GES") and XD Ventures, LLC ("XD") deny the allegations in the Amended Complaint unless specifically admitted. Defendants deny all title headings, footnotes, subheadings, and other material not set forth in numbered paragraphs.

**Section 2: Responses to Numbered Paragraphs**

1. This paragraph does not require an admission or denial.

2. Defendants deny that IRS publication 510 states that "[t]he Bulk Transfer/Terminal System is the taxable fuel system consisting of…." Defendants deny that "all removals of diesel at a terminal are taxable." Defendants deny that "[t]he position holder at the terminal" is always liable for federal excise tax. The remainder of this paragraph does not require an admission or denial. To the extent one is required, Defendants deny the remaining allegations in this paragraph.

3. Defendants object to admitting or denying the immaterial and scandalous allegations contained in this paragraph. Defendants move to strike the paragraph and deny all allegations in this paragraph.

4. This paragraph does not require an admission or denial.

5. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph, and so they are denied.

6. Defendants admit the allegations in this paragraph.

7. Defendants admit the allegations in this paragraph.

8. Defendants admit this Court has personal jurisdiction over GES. Defendants object to admitting or denying the immaterial and

scandalous allegations contained in this paragraph, and deny GES sought to circumvent federal excise tax laws. Defendants deny there is no other district in which this action could have been brought. Defendants deny that such an allegation provides subject matter jurisdiction or venue in this Court.

9. Defendants admit this Court has personal jurisdiction over XD. Defendants object to admitting or denying the immaterial and scandalous allegations contained in this paragraph, and deny GES sought to circumvent federal excise tax laws. Defendants deny that such an allegation provides subject matter jurisdiction or venue in this Court.

10. This paragraph does not require an admission or denial. To the extent one is required, Defendants deny that any actionable conduct occurred in this judicial district.

11. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph, and so they are denied.

12. Defendants deny the allegations in this paragraph.

13. Defendants deny GES is not an IRS taxable fuel registrant. Defendants deny GES represented it owned the fuel. Defendants deny Vanguard held required state fuel licenses, but admit Vanguard is an IRS

taxable fuel registrant. Defendants lack knowledge or information sufficient to form a belief as to whether Vanguard became a position holder on October 5, 2020, and so deny this allegation. Defendants deny the remaining allegations in this paragraph.

14. Defendants deny the allegations in this paragraph.

15. Defendants lack knowledge or information sufficient to form a belief as to whether Vanguard "became liable" for excise tax on the fuel, and so deny this allegation. Defendants deny the remaining allegations in this paragraph.

16. Defendants deny Vanguard complied with any federal excise tax obligations. Defendants lack knowledge or information sufficient to form a belief as to whether Vanguard incurred excise tax liability, and so deny this allegation. Defendants admit Vanguard never owned the fuel at issue in this action. Defendants deny Vanguard "did not benefit" from the sale of fuel XD owned. Defendants lack knowledge or information sufficient to form a belief as to whether Vanguard reported anything to the IRS, and so this allegation is denied. Defendants admit Vanguard sent GES a letter demanding payment of excise tax but deny any tax was

due from Defendants. Defendants admit they have not accepted Vanguard's demand.

17. Defendants deny the allegations in this paragraph.

18. Defendants deny any attempt to perform (much less continue) a ruse. Defendants deny any "story" changed. Defendants admit the referenced letter described XD as the position holder and exporter of record. Defendants admit Plaintiff was provided a Form 637 and Texas supplier license. Defendants deny the remaining allegations in this paragraph.

19. Defendants deny they or their agents made false statements. Defendants admit storage fees were never agreed upon.

20. Defendants admit attempts to properly remove fuel XD owned. Defendants lack knowledge or information sufficient to form a belief as to the terms of the agreement between Vanguard and Maverick. Defendants deny the remaining allegations in this paragraph.

21. Defendants admit no Defendant owed excise tax. Defendants deny the remaining allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants deny the allegations in this paragraph.

24. Defendants deny excise tax is or was due from any Defendant. Defendants lack knowledge or information sufficient to form a belief as to whether the remaining allegations in this paragraph are true, and therefore the allegations are denied.

25. This paragraph does not require an admission or denial.

26. This paragraph does not require an admission or denial. Defendants deny Vanguard is entitled to a declaratory judgment.

27. This paragraph does not require an admission or denial. Defendants deny Vanguard is entitled to a declaratory judgment.

28. This paragraph does not require an admission or denial. Defendants deny Vanguard is entitled to a declaratory judgment.

29. This paragraph does not require an admission or denial. Defendants deny Vanguard is entitled to a declaratory judgment.

30. This paragraph does not require an admission or denial. Defendants deny Vanguard is entitled to a declaratory judgment.

31. This paragraph does not require an admission or denial. Defendants deny Vanguard is entitled to a declaratory judgment.

32. This paragraph does not require an admission or denial. Defendants deny Vanguard is entitled to a declaratory judgment.

33. This paragraph does not require an admission or denial.

34. Defendants deny the allegations in this paragraph.

35. Defendants deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants deny the allegations in this paragraph.

41. Defendants deny the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

43. Defendants deny the allegations in this paragraph.

44. Defendants deny the allegations in this paragraph.

45. This paragraph does not require an admission or denial.

46. Defendants deny the allegations in this paragraph.

47. Defendants deny the allegations in this paragraph.

48. Defendants deny the allegations in this paragraph.

49. Defendants deny the allegations in this paragraph.

50. Defendants deny the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny the allegations in this paragraph.

53. Defendants deny the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

56. This paragraph does not require an admission or denial.

57. This paragraph does not require an admission or denial.

58. This paragraph does not require an admission or denial.

59. Defendants deny the allegations in this paragraph.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

62. Defendants deny the allegations in this paragraph.

63. Defendants deny the allegations in this paragraph.

64. Defendants deny the allegations in this paragraph.

65. Defendants lack information or knowledge sufficient to form a belief as to whether Vanguard complied with its federal tax obligations. Defendants admit Vanguard never owned the fuel. Defendants deny the remaining allegations in this paragraph.

66. Defendants admit Vanguard invoiced Defendants for excuse tax but deny Defendants are liable for the tax.

67. Defendants deny the allegations in this paragraph.

68. Defendants admit they are not liable for excise tax in any transaction relevant to this lawsuit. Defendants deny the remaining allegations in this paragraph.

69. Defendants deny the allegations in this paragraph.

70. Defendants admit GES attempted to secure a temporary restraining order but deny said conduct was in furtherance of any improper purpose.

71. Defendants deny the allegations in this paragraph and specifically deny any of their conduct cause Vanguard legally cognizable damages.

72. Defendants deny the allegations in this paragraph.

73. Defendants deny the allegations in this paragraph.

74. Defendants deny the allegations in this paragraph.

75. Defendants deny the allegations in this paragraph.

76. Defendants deny the allegations in this paragraph.

77. This paragraph does not require an admission or denial.

78. Defendants deny the allegations in this paragraph.

79. Defendants deny the allegations in this paragraph.

80. Defendants deny the allegations in this paragraph.

81. Defendants deny the allegations in this paragraph and specifically deny any of their conduct cause Vanguard legally cognizable damages.

82. This paragraph does not require an admission or denial.

83. Defendants deny all conditions precedent have been performed or have occurred with respect to Vanguard's ability to bring this lawsuit.

84. The remaining unnumbered paragraphs do not require any admission or denial. To the extent required, Defendants deny the allegations.

### Section 3: Defendants' Factual Allegations

3.1 GES financed the purchase of certain fuel that XD bought. Most of the fuel was moved to Maverick Terminal in Brownsville, Texas.

3.2 On or about February 17, 2021, GES financed XD's purchase of 24,241.60 bbls of fuel. On or about March 28, 2021, GES financed XD's purchase of 24,101 bbls of fuel. Collectively, Defendants refer to all fuel at issue in this lawsuit as "the fuel."

3.3   XD secured title to the fuel, and the fuel was moved to Maverick Terminals in Brownsville, Cameron County, Texas.

3.4   The import, export, and movement of fuel products are highly regulated at the state and federal levels. The following definitions apply to this case:

> 3.4.1 **Terminal**.  An IRS-approved motor fuel storage and distribution facility to which a terminal control number has been assigned, to which motor fuel is supplied by pipeline or marine vessel, and from which motor fuel may be removed at a rack.  34 T.A.C. § 3.441(a)(21).
>
> 3.4.2 **Position holder**.  The person who holds the inventory position in motor fuel in a terminal, as reflected on the records of the terminal operator.  A person holds the inventory position in motor fuel when that person has a contract with the terminal operator for the use of storage facilities and terminaling services for motor fuel at the terminal. The term includes a terminal operator who owns motor fuel in the terminal.  *Id*. at § 3.441(a)(16).
>
> 3.4.3 **Supplier**.  A person subject to the general taxing jurisdiction of this state who … is registered under Internal Revenue Code § 4101, for transactions in motor fuel in the bulk transfer/terminal system; and …. *Id*. at § 3.441(a)(20).

3.5   Maverick Terminals Brownsville, LLC is the terminal where the fuel titled in XD's name was transferred. XD is a supplier; as such, it is registered under Internal Revenue Code § 4101 for transactions in

motor fuel. Unbeknownst to Defendants, the fuel was transferred into Vanguard tanks at the Maverick terminal.

3.6 Even though it had no written agreement with any Defendant, Vanguard sold some of the fuel that had been transferred into the Maverick terminal. Defendants requested a full accounting for the fuel. Vanguard refused to comply.

3.7 XD has lost millions of dollars' worth of fuel because of Vanguard's misdeeds. GES lost the money it used to finance XD's purchase of the fuel.

### Section 4: Affirmative Defenses

4.1 Defendants incorporate by reference paragraphs 3.1 to 3.7.

4.2 Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4.3 Plaintiff's claims are barred, in whole or in part, because any damages are remote, speculative, and impossible to ascertain with reasonable certainty.

4.4 Plaintiff lacks standing to bring claims under 19 U.S.C. § 1962.

4.5     Plaintiff has failed to state a claim upon which this Court may grant relief under 19 U.S.C. § 1962.

4.6     Plaintiff has failed to state a claim upon which this Court may grant relief for state-law fraud.

4.7     Plaintiff has failed to state a claim upon this Court may grant relief under 28 U.S.C. § 2201.

4.8     Defendants are entitled to an offset and/or recoupment of funds in the amount Vanguard received by selling the fuel.

4.9     Plaintiff's claims are barred by the fraud it committed in selling, hiding, or secreting the fuel.

### Section 5: Counterclaims

**A.     Parties**

5.1     Counter-Plaintiff XD Ventures, LLC is a Texas limited liability company.

5.2     Counter-Plaintiff Global Enterprise Solutions, LLC is a New Jersey limited liability company with its principal place of business in Texas.

5.3     Counter-Defendant Vanguard Energy, LLC is a Delaware limited liability company. On information and belief, Vanguard's

principal place of business is in Florida.

### B. Jurisdiction

5.4 The claims at issue are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.5 The amount in controversy exceeds $75,000.00. On information and belief, Vanguard is a citizen of Florida. Defendants are citizens of Texas. The Court therefore has diversity jurisdiction under 28. U.S.C. § 1332(a)(1).

### C. Facts

5.6 Counter-Plaintiffs incorporate by reference the factual allegations in paragraphs 3.1 to 3.7.

### D. Count One: Texas Theft Liability Act

5.7 Vanguard committed theft of the fuel it sold. That is, Vanguard unlawfully appropriated property. TEX. CIV. PRAC. & REM. CODE § 134.002(2). Vanguard is therefore liable for the actual damages resulting from the theft as well as additional damages provided for under Section 134.005(a)(1) of the Texas Civil Practice & Remedies Code.

### E. Count Two: Unjust Enrichment / Disgorgement

5.8  Vanguard was unjustly enriched to the extent of the profits made by it through its theft of the fuel. Counter-Plaintiffs are entitled to judgment that Vanguard be required to disgorge and return those profits to Counter-Plaintiffs.

### F. Count Three: Conversion

5.9  Vanguard wrongfully exercised dominion and control over XD's personal property in a manner inconsistent with XD's exclusive right to said property (the fuel).

5.10  As a direct and proximate result of Vanguard's conversion, Vanguard damaged XD and has been unjustly enriched in the millions of dollars.

### G. Count 4: Money Had and Received

5.11  Vanguard holds money that in equity and good conscience belongs to Counter-Plaintiffs (the proceeds Vanguard obtained from selling stolen fuel).

## Section 6: Conditions Precedent

6.12  All conditions precedent to bringing the above causes of action have been met or occurred.

## Section 7: Alternative Pleadings

7.13  The foregoing facts and theories are pled cumulatively and alternatively, with no election or waiver of rights or remedies.

## Section 8: Prayer

8.14  Defendants / Counter-Plaintiffs request that the Court provide the following relief:

- 8.14.1   That Plaintiff take nothing.
- 8.14.2   Judgment against Counter-Defendant for all actual damages Counter-Plaintiffs sustained.
- 8.14.3   Pre-judgment and post-judgment interest at the maximum rate permitted by law.
- 8.14.4   Costs and reasonable attorneys' fees. Exemplary damages.
- 8.14.5   Lost profits.
- 8.14.6   Such other and further relief, at law or in equity, to which Counter-Plaintiffs may show themselves entitled.

## Section 9: Jury Demand

9.1 Defendants / Counter-Plaintiffs request a trial by jury and tender the required fee.

Respectfully submitted,

BUTCH BOYD LAW FIRM

_____
ERNEST W. "BUTCH" BOYD
State Bar No. 00783694
butchboyd@butchboydlawfirm.com JEREMY R. STONE
State Bar No. 24013577
jeremystone@butchboydlawfirm.com MICHAEL J. BLANCHARD
State Bar No. 24036231
mikeblanchard@butchboydlawfirm.com
2905 Sackett Street
Houston, TX 77098
Phone: (713) 589-8477
Fax:(713) 589-8563
ATTORNEYS FOR DEFENDANTS- COUNTER PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that the above pleading was served on all counsel of record via ECF on November 4, 2021.

<em>/s Michael J. Blanchard</em><br>MICHAEL J. BLANCHARD