United States District Court
Southern District of Texas
**ENTERED**
January 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VANGUARD ENERGY LLC, § <br> "Plaintiff," § <br> § <br> v. § <br> § <br> GLOBAL ENTERPRISE SOLUTIONS § <br> LLC, ET AL., § <br> "Defendants." § | Civil Action No. 1:21-cv-00117 |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court are "Defendants' Second Rule 12 Motion to Dismiss" ("MTD") (Dkt. No. 18) and "Plaintiff Vanguard Energy LLC'S Response in Opposition to Defendants' Second Rule 12 Motions to Dismiss" ("Response") (Dkt. No. 20). Plaintiff also moves for leave to amend ("Motion for Leave") (Dkt. No. 20 at 11-12) its "Plaintiff Vanguard Energy LLC's Amended Complaint" ("Amended Complaint") (Dkt. No. 14). For these reasons, Defendants' MTD (Dkt. No. 18) is **GRANTED**. Plaintiff's Motion for Leave is also **GRANTED**.

### I.   BACKGROUND

Defendant XD Ventures LLC ("XD Ventures") owned certain Ultra-Low Sulphur Diesel ("Fuel"); the Fuel purchase was financed by Defendant Global Enterprise Solutions LLC ("GES"). Dkt. No. 18 at 2. The Fuel was transferred to Plaintiff's tanks at Maverick Terminal in Brownsville, Texas ("Terminal"). *Id.*

Plaintiff's Amended Complaint alleges GES directed Plaintiff to remove some of the Fuel for export to Mexico. Dkt. No. 14 at 5. Thus, as a position holder at the Terminal, Plaintiff became liable for a federal excise tax on the exported portion of the Fuel. *Id.*; *see* 26 CFR § 48.4081-2 ("[A]ll removals of taxable fuel at a terminal rack are subject to tax and the position holder with respect to the fuel is liable for the tax."). Plaintiff alleges it sent GES an invoice for excise tax due on the removed Fuel, but GES refused to pay. Dkt. No. 14 at 6. Defendants allege Plaintiff sold some of the Fuel without permission. Dkt. No. 18 at 2.

Plaintiff's Amended Complaint alleges Defendants engaged in common law fraud, negligent misrepresentation, and violations of 18 U.S.C § 1962, part of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), by asserting GES was the owner of the Fuel and a

1

taxable fuel registrant.[1] Dkt. No. 14 at 9-17. Plaintiff seeks a declaratory judgment and damages. *Id.* at 8-9, 17-18.

Defendants argue the fraud, negligent misrepresentation, and RICO claims must be dismissed because Plaintiff's Amended Complaint does not meet the heightened pleading requirements for fraud. Dkt. No. 18 at 5-6. Defendants also argue Plaintiff's RICO claim must be dismissed because Plaintiff has not sufficiently pled predicate acts showing a pattern of racketeering and has not shown damages have resulted.[2] *Id.* at 6-10.

## II.   LEGAL STANDARD

Dismissal is appropriate for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). FRCP 12(b)(6) must be read along with FRCP 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–68 (2009). To survive a motion to dismiss, Plaintiffs must provide the grounds of entitlement to relief, which "requires more than labels and conclusions […] [A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although all reasonable inferences are resolved in favor of the plaintiff, the plaintiff must "plead specific facts, not mere conclusory allegations." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (internal citations omitted). A court will "take all factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017).

Allegations of fraud, however, are subject to a heightened pleading standard: a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under FRPC 9(b), "the complaint must contain factual allegations stating the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 117 (5th Cir. 2019) (internal citations omitted). FRCP 9(b) applies

---

[1] "Taxable fuel registrant means an enterer, industrial user, refiner, terminal operator, or throughputter that is registered as such under section 4101." 26 CFR § 48.4081-1(b). To register, applicants must submit a Form 637, and if approved, will receive a Letter of Registration. *See* I.R.S. PUB. 510 (Rev. February 2020), https://www.irs.gov/pub/irs-pdf/p510.pdf at 5.

[2] . Defendants seek dismissal under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and 12(b)(1). Dkt. No.18 at 3. Defendants only present arguments related to FRCP 12(b)(6). *Id.* at 3-10. Thus, this Court will only assess whether dismissal is appropriate under FRCP 12(b)(6).

2

to negligent misrepresentation claims which stem from the same set of alleged facts as the fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003). Similarly, a plaintiff must meet the FRCP 9(b) pleading standard when her RICO claims depend on predicate acts of fraud. *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 789 (5th Cir. 2020). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 185 n. 8 (5th Cir. 2009) (internal citations omitted).

### III.  DISCUSSION

#### a.  Plaintiff does not state a claim for fraud or negligent misrepresentation

To allege fraud, a plaintiff must plead that: "(1) the defendant made a material representation, (2) the representation was false, (3) the speaker knew the representation was false or made it with reckless disregard for its truth, (4) the speaker made the representation with the intent to defraud, (5) the plaintiff relied on the representation, and (6) the reliance caused the plaintiff an injury." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 877 (5th Cir. 2021), *citing Hall v. Douglas*, 380 S.W.3d 860, 870 (Tex. App.—Dallas 2012, no pet.). To allege negligent misrepresentation a plaintiff must plead that: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Id.* (internal citations omitted), *citing Fed. Land Bank Assoc. of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Plaintiff alleges that it relied on GES's representations that it owned the Fuel and was a taxable fuel registrant, representations of which XD Ventures was aware, when providing GES with storage at the Terminal. Dkt. No. 14 at 11. Plaintiff alleges these representations led Plaintiff to be responsible for the federal excise tax on the removed Fuel. *Id.*

For both its fraud and negligent representation claims, Plaintiff fails to show it relied on Defendants' statements, or that it was harmed by any reliance. Plaintiff's Amended Complaint provides the following timeline: Plaintiff became a position holder at the Terminal on October 5, 2020. *Id.* at 5. In March and April 2021, some Fuel was exported to Mexico. *Id.* Vanguard

3

completed discharging the Fuel, as directed by GES, by May 2021. *See id.* at 6 (stating the facts surrounding the ownership of the Fuel emerged after GES' sale of the removed Fuel, citing events in May 2021).

Plaintiff alleges its reliance occurred when it provided GES with storage at the Terminal. *Id.* at 11. But this must have occurred before some of the Fuel was exported in March and April 2021. Plaintiff does not allege any fraud or misrepresentation occurred before March 2021. *See id.* at 5; Dkt. No. 20 at 6. Thus, Plaintiff does not allege any fraud or misrepresentation occurred before its decision to provide storage for the Fuel and could not have relied on the alleged fraud and misrepresentations in making this decision. Even assuming Plaintiff's allegations meet FRCP 9(b)'s pleading standard, Plaintiff fails to state a claim for fraud or negligent misrepresentation, and these claims must be dismissed.

   b. Plaintiff's RICO claim must be dismissed

To state a claim under 18 U.S.C. § 1962(c),[3] a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020), *citing Sedima v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3284-85 (1985). A "pattern of racketeering activity" requires at least two acts of racketeering activity, which can include wire or mail fraud. 18 U.S.C § 1961(1); *id.* § 1961(5). An individual commits wire fraud when he uses wire or radio communication to execute a scheme to obtain money through fraudulent representations. 18 U.S.C. § 1343. Mail fraud involves the same acts but through mail. 18 U.S.C. § 1341.

"[A] RICO plaintiff must satisfy two elements, injury and causation." *Price v. Pinnacle Brands*, 138 F.3d 602, 606 (5th Cir. 1998). RICO provides a private right of action to a "person injured in his business or property by reason of" a violation of § 1962. 18 U.S.C. § 1964(c). But in cases alleging mail or wire fraud as predicate acts, a plaintiff need not show her reliance on the fraud. *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 676 (5th Cir. 2015), *citing Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008); *see also Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 637-38 (5th Cir. 2016). Instead, to satisfy 18 U.S.C.

---

[3] Plaintiff's Amended Complaint does not state which subsection of 18 U.S.C. § 1962 applies, but states RICO criminalizes acts involving "conducting an enterprise" through racketeering and discusses facts about Defendants' conducting the enterprise. Dkt. No. 14 at 13-15. Only 18 U.S.C. § 1962(c) deals with conducting an enterprise.

4

§ 1964(c), a plaintiff must show the fraud was but-for and proximate cause of her injury. *Torres*, 838 F.3d at 636, *citing Bridge*, 553 U.S. at 654.

Plaintiff's allegations of predicate acts fall into three categories: (1) GES' various statements that GES owned the Fuel, or that GES was a taxable fuel registrant, or both;[4] (2) GES affiliate Ferro's statement that GES would pay for Plaintiff's services; and (3) GES doctoring bills of lading[5] to state the Fuel was in fact "mineral oil."[6] Plaintiff alleges it suffered these injuries as a result of Defendants' RICO violation: (1) liability for the federal excise tax on the removed Fuel; (2) financial loss because Plaintiff was forced to halt all transactions through the Port of Brownsville; (3) the storage and throughput fees for services to GES; and, (4) financial loss because Plaintiff's Terminal Services Agreement was not renewed. Dkt. No. 14 at 8.

First, as discussed in Section III.a. above, Plaintiff does not show how Defendants' representations that GES owned the Fuel caused Plaintiff injury. Even assuming these acts were sufficiently pled under FRCP 9(b) and constitute mail or wire fraud, which the Court does not decide, they do not support Plaintiff's RICO claims. Similarly, given Plaintiff's understanding that as a position holder, it would be responsible for taxes on the Fuel, Plaintiff does not show how Defendants' misrepresentation of GES' status as a taxable fuel registration injured Plaintiff. Although a RICO plaintiff need not show reliance, "the absence of first-party reliance may in some cases tend to show that an injury was not sufficiently direct to satisfy § 1964(c)'s proximate-cause requirement." *Torres*, 838 F.3d at 637. This is such a case. Reading the facts in the light most favorable to Plaintiff, *Alexander, L.L.C.*, 875 F.3d at 249, Plaintiff's allegations about GES' ownership of the Fuel and registration status did not directly lead to the injuries Plaintiff alleges, and thus do not meet RICO's causation requirement. *See id.* at 636 ("When a court evaluates a

---

[4] Because a RICO plaintiff alleging mail or wire fraud need not show reliance, *Torres*, 838 F.3d at 63, this Court need not narrow its analysis to acts before the discharge of the Fuel. The acts after the Fuel discharge include the following: a telephone call on May 3, 2021, a letter on May 13, 2021, other correspondence on May 13, 2021, and a letter on May 18, 2021. Dkt. No. 14 at 4-8.

[5] "A bill of lading is a commercial document that may be used for several purposes. It may serve as a document of title for transported goods. It may function as receipt evidencing the transfer of possession of goods from the shipper/consignor to the carrier, including documenting the kind and quantity of the goods and, in some instances, their condition. Finally, [it] is usually the basic transportation document between a shipper… and the carrier." *A.P. Moller-Maersk A/S v. Safewater Lines (I) Pvt, LTD.*, 276 F. Supp. 3d 700, 713 (S.D. Tex. 2017).

[6] Plaintiff discusses two bills of lading: one on March 8 stating it owned the Fuel, and another on April 12, stating GES owned the Fuel and that it was a taxable fuel registrant. Dkt. No. 14 at 5. Plaintiff's Amended Complaint does not state whether these bills of lading are the same documents that refer to "mineral oil." Dkt. No. 14 at 11. "[C]onstru[ing] the facts in the light most favorable to the plaintiff," this Court reads this allegation as referring to the same bills of lading. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017).

5

RICO claim for proximate cause, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.") (internal citations omitted).

Second, GES' affiliate Ferro's texts and emails could not have directly led to the loss of storage and throughput fees because Plaintiff had decided to provide services before March and April 2021 when Ferro's messages were sent. Plaintiff's Amended Complaint does not state these messages led to Plaintiff's tax liability, and the message are, at best, "several steps in the causal chain away" from the other financial loss injuries Plaintiff alleges. *Molina-Aranda*, 983 F.3d at 785. Thus, even if these texts and emails constituted mail or wire fraud, which the Court does not decide,[7] they would not meet RICO's causation requirements as they did not lead directly to any of the injuries Plaintiff alleges.

Third, Plaintiff alleges that GES doctored bills of lading falsely calling the Fuel "mineral oil" instead of Ultra-Low Sulfur Diesel, to make the export tax exempt in Mexico, and to avoid U.S. federal excise tax requirements. *Id.* Even assuming these allegations meet the FRCP 9(b) pleading standard, they do not suffice as predicate acts under RICO. Plaintiff may not merely relabel tax evasion as mail and wire fraud, as they are separate crimes. *Compare* 26 U.S.C. § 7201 (tax evasion), *with* 18 U.S.C. § 1341, *and* 18 U.S.C. § 1343. This distinction is critical, because while mail and wire fraud are predicate acts under RICO, tax evasion is not. 18 U.S.C. 1961(1); *see Arroyo v. Oprona, Inc.*, No. H-16-852, 2017 U.S. Dist. LEXIS 142623, at *7 (S.D. Tex. Sep. 5, 2017) (finding plaintiff may not allege tax evasion as a predicate act under RICO because it is distinct from mail and wire fraud), *aff'd, Arroyo v. Oprona, Inc.*, No. 17-20576, 2018 U.S. App. LEXIS 10974 (5th Cir. Apr. 30, 2018), *revised on reh'g, Arroyo v. Oprona, Inc.*, 736 F. App'x 427 (5th Cir. 2018). Thus, these acts are not predicate acts under RICO.[8]

### c. This Court grants Plaintiff's Motion for Leave

As an alternative to dismissal of its RICO claim, Plaintiff moves for leave to file an amended complaint. The court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts

---

[7] But the Court finds the pleading deficient under FRCP 9(b). The full allegation is as follows: "In March and April of 2021, GES affiliate Ferro falsely represented to Vanguard in text and email messages that GES intended to pay for Vanguard's services at the Maverick terminal." Dkt. No. 14 at 14. Because it does not adequately state the time and contents of the misrepresentation, nor what Defendants gained by it, *Life Partners Creditors' Tr.*, 926 F.3d at 117, this Court finds it does not meet FRCP 9(b)'s pleading standard.

[8] Plaintiff is also unlikely to show damages from these acts because Plaintiff does not allege it ever believed the Fuel to be mineral oil, but the Court need not reach this issue.

6

or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). In the interest of justice, this Court will afford Plaintiff a chance to cure the deficiencies in the Amended Complaint only in relation to its RICO claim.

### IV. CONCLUSION

For these reasons, Defendants' MTD (Dkt. No. 18) is **GRANTED**. Plaintiff's Motion for Leave (Dkt. No. 20) is also **GRANTED** <u>only</u> in relation to Plaintiff's RICO claim. Plaintiff may file an amended complaint no later than **February 14, 2022**.

Signed on this 14th day of January, 2022.

Rolando Olvera
United States District Judge