IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VANGUARD ENERGY, LLC | § § | |
| v. | § § | Case No. 1:21-cv-117 |
| GLOBAL ENTERPRISE SOLUTIONS, LLC AND XD VENTURES, LLC | § § § § | Jury Demanded |

## DEFENDANTS' THIRD RULE 12 MOTION TO DISMISS

Defendants Global Enterprise Solutions, LLC and XD Ventures, LLC file their Third Rule 12 Motion to Dismiss and respectfully show as follows.

### Section 1: Use of Names

1.1   "GES" means Defendant Global Enterprise Solutions, LLC.

1.2   "XD" means Defendant XD Ventures, LLC.

1.3   "Vanguard" means Plaintiff Vanguard Energy, LLC.

### Section 2: Introduction & Factual Background

2.1   The Court is well aware of the factual background of this case. Defendants adopt and incorporate by reference Section 2 of their Second Rule 12 Motion to Dismiss (Dkt. No. 18).

Page **1** of **10**

2.2    Plaintiff has taken its third bite at the apple in pleading a civil RICO claim. Defendants ask the Court to dismiss the repleaded claim under Rules 12(b)(1) and 12(b)(6) because Plaintiff has still not stated facts sufficient to support its theory of liability..

### Section 3: Argument & Authorities

**A.   Vanguard has not met the heightened requirements of pleading a Civil RICO claim.**

3.1    While Rule 8(a) requires that a complaint include "a short and plain statement" showing entitlement to relief, claims involving fraud require the claimant to "state with particularity the circumstances constituting fraud." *Solutions Shared Servs. v. Jimenez*, 452 F.Supp.3d 541, 545 (W.D. Tex. 2020) (quoting FED. R. CIV. P. 9(b)). "RICO claims based on underlying fraud are subject to Rule 9(b)'s heightened pleading standard." *Id.* (citing *Old Time Enterprises, Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989)).

3.2    Rule 12(b)(6) "provides a mechanism to challenge the legal sufficiency of a claim early in the litigation." *Espot, Inc. v. MyVue Media, LLC*, 492 F.Supp.3d 672, 692 (E.D. Tex. 2020). Trial courts may thus dismiss complaints for "failing to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a

plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Espot,* 492 F.Supp.3d at 672.

3.3 Plausibility standards require "more than a sheer possibility." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plausibility also requires that a complaint allege *each material element* necessary to sustain recovery under the relevant legal theory. *See Solutions*, 452 F.Supp.3d at 545 (emphasis added). While a trial court should presume pleaded facts are true, "legal conclusions that lack factual support are not entitled to the same presumption." *Espot*, 492 F.Supp.3d at 692.

3.4 A civil RICO claimant must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Price v. Pinnacle Brands,* 138 F.3d 602, 606 (5th Cir. 2018). The RICO plaintiff must also allege he or she was injured *because of* the defendant's violation of the RICO statute. *Solutions*, 452 F.Supp.3d at 546 (emphasis added). "Injury to mere expectancy interests or to an 'intangible property interest' is not sufficient to confer RICO standing." *Id.* (quoting *Price*, 138 F.3d at 606). The plaintiff must show "conclusive financial loss." *Id*.

## B. Vanguard failed to allege misrepresentations with particularity and failed to allege RICO predicate acts with particularity.

3.6    To have met Rule 9(b)'s requirements, Vanguard must have alleged – at a *minimum* – the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297, at 590 (1990)). A fraud plaintiff must explain why statements were fraudulent. *See Williams*, 112 F.3d at 178-79

3.7    Vanguard's allegations do not meet Fifth Circuit requirements, as the Complaint fails to explain why any representations cited in the Complaint were fraudulent. Vanguard cannot do so because it affirmatively pleaded that excise tax is always due when fuel is removed from a terminal. *See* Amended Complaint at ¶ 15 ("Because all removals … are taxable, this fuel was subject to federal excise taxes").

3.8    If the tax was due regardless of who owned the fuel and what registrations the owner had, then (1) Vanguard cannot have relied on

such representations; and (2) the representations could not have caused damages.

### C. Vanguard lacks standing to bring its alleged RICO claims because it did not adequately plead injury caused by predicate acts.

3.9 Congress enacted RICO to attack organized crime and to eliminate the use of front businesses for criminal purposes. *See Pan American Maritime, Inc. v. Esco Marine, Inc.*, No. C.A. B-04-188, 2005 WL 1155149 at *3 (S.D. Tex. 2005) (citing *Beck v. Prupis*, 529 U.S. 494, 496 (2000)). Not every corrupt act or crime committed in a business setting gives rise to a RICO claim. *Id.* (citing *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 913 F.2d 948, 954 (D.C. Cir. 1990)).

3.10 To establish standing, a RICO plaintiff must allege (a) a RICO violation ("predicate act"), (b) an injury to the plaintiff's business or property, and (c) a causal connection to the injury by the RICO violation. *Pan American*, 2005 WL 11551449 at *4 (citing *Price*, 138 F.3d at 606). In the Fifth Circuit, "a person is considered injured 'by reason of' a RICO violation if the predicate acts constitute factual (but for) causation and legal (proximate) causation of the alleged injury." *Id.* (citing *Ocean*

*Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 744 (5th Cir. 1989).

3.11 A "RICO violation" or "predicate act" includes commission of enumerated state-law crimes not alleged in Vanguard's Complaint; crimes such as, kidnapping, gambling, arson, robbery, and bribery. *See* 18 U.S.C. § 1961(1). As relevant here, a RICO violation also includes commission of federal crimes such as mail and wire fraud. *See id.*

3.12 When a RICO plaintiff relies on fraud as a predicate act, it must allege the fraud with particularity. *Pan American*, 2005 WL 11551449 at *7 (citing *Tel-Phonic Servs.*, 975 F.2d at 1139). For the reasons already stated, Vanguard failed to meet Rule 9(b)'s requirements. Because Vanguard failed to adequately plead it was injured by wire or mail fraud, it lacks standing to bring a RICO claim, and this Court must dismiss. *See id.*

**D.   Vanguard failed to state a claim upon which any federal court may grant relief under the RICO statutes.**

   i.   *Vanguard did not adequately plead predicate acts.*

3.13 While mail and wire fraud may constitute predicate acts, again, Vanguard failed to meet Rule 9(b)'s heightened pleading

Page **6** of **10**

requirements in alleging mail and wire fraud. As such, it has failed to state a claim and the Court must dismiss. *See Williams*, 112 F.3d 175.

> ii. *Vanguard did not adequately plead a pattern of racketeering activity.*

3.14 "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and pose a threat of **continued criminal activity**." *Pan American*, 2005 WL 11551449 at *4 (emphasis added) (citing *In re Mastercard Int'l, Inc.*, 313 F.3d 257, 261 (5th Cir. 2002)). Courts refer to the second requirement as a "continuity" requirement. *See id* at *6. Continuity can be either closed- or open-ended. *Id.* That is, a RICO plaintiff must either allege a closed period of *repeated* conduct, or allege past conduct that "by its nature" projects into the future with a threat of repetition. *Id.*

3.15 Vanguard has tried to allege a closed period of conduct, but even if accepted as true, the conduct was not "repeated." Because Vanguard failed to allege a pattern of racketeering activity, the Court must dismiss Vanguard's RICO claims. *See id.*

    *iii.    Vanguard did not adequately plead RICO damages.*

3.16 A RICO plaintiff must allege "conclusive financial loss." *Solutions*, 452 F.Supp.3d at 546. The injury must be "concrete, definite, and tangible." *Id.* Potential loss is not a RICO injury. *See id.*

3.17 Vanguard fails to allege it actually paid any taxes that were supposedly due. As such, it has not alleged injury. Without injury, it cannot recover under any theory, and this Court must dismiss Vanguard's claims under the RICO Statute, for negligent misrepresentation, and for fraud.

### Section 4: Conclusion and Prayer

4.1 After three tries, Vanguard has utterly failed to state any claim upon which any court may grant relief. For the reasons stated above, Defendants ask the Court to dismiss the RICO claims. Defendants also ask for all other relief to which they may show themselves entitled, whether at law or in equity.

Respectfully submitted,

BUTCH BOYD LAW FIRM

_____
ERNEST W. "BUTCH" BOYD
State Bar No. 00783694
butchboyd@butchboydlawfirm.com
MICHAEL J. BLANCHARD
State Bar No. 24036231
mikeblanchard@butchboydlawfirm.com
2905 Sackett Street
Houston, TX 77098
Phone: (713) 589-8477
Fax:(713) 589-8563
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that the above pleading was served on all counsel of record via ECF on March 2, 2022.

*/s Michael J. Blanchard*
MICHAEL J. BLANCHARD