United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VANGUARD ENERGY LLC, § | |
| "Plaintiff," § | |
| § | |
| v. § | Civil Action No. 1:21-cv-00117 |
| § | |
| GLOBAL ENTERPRISE SOLUTIONS § | |
| LLC, ET AL., § | |
| "Defendants." § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court are Defendants' "Third Rule 12 Motion to Dismiss" ("MTD") (Dkt. No. 26), Plaintiff's "Response in Opposition to Defendants' Third Rule 12 Motions to Dismiss" ("Response") (Dkt. No. 29) and Defendants' "Reply Brief in Support of their Third Rule 12 Motion to Dismiss" (Dkt. No. 30). For these reasons, Defendants' MTD (Dkt. No. 26) is **GRANTED**.

### I. PROCEDURAL BACKGROUND

Defendants filed their Second Motion to Dismiss Plaintiff's Amended Complaint ("Second MTD") (Dkt. No. 18). Plaintiff timely responded and contemporaneously filed Motion for Leave to File a Second Amended Complaint ("Motion for Leave"). The Court granted Defendants' Second MTD and granted Plaintiff's Motion for Leave only in relation to Plaintiff's RICO claim.

Plaintiff has since filed their Second Amended Complaint (Dkt. No. 24).

### II. LEGAL STANDARD

Dismissal is appropriate for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). FRCP 12(b)(6) must be read along with FRCP 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–68 (2009). To survive a motion to dismiss, Plaintiffs must provide the grounds of entitlement to relief, which "requires more than labels and conclusions […] [A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although all reasonable inferences are resolved in favor of the plaintiff, the plaintiff must "plead specific facts, not mere conclusory allegations." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (internal citations omitted). A court will "take all factual allegations as true and construe

1

the facts in the light most favorable to the plaintiff." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017).

Allegations of fraud, however, are subject to a heightened pleading standard: a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under FRPC 9(b), "the complaint must contain factual allegations stating the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 117 (5th Cir. 2019) (internal citations omitted). Similarly, a plaintiff must meet the FRCP 9(b) pleading standard when her RICO claims depend on predicate acts of fraud. *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 789 (5th Cir. 2020). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 185 n. 8 (5th Cir. 2009) (internal citations omitted).

### III. DISCUSSION

#### a. Plaintiff's RICO claim must be dismissed

To state a claim under 18 U.S.C. § 1962(c), a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020), *citing Sedima v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3284-85 (1985). A "pattern of racketeering activity" requires at least two acts of racketeering activity, which can include wire or mail fraud. 18 U.S.C § 1961(1); *id.* § 1961(5). An individual commits wire fraud when he uses wire or radio communication to execute a scheme to obtain money through fraudulent representations. 18 U.S.C. § 1343. Mail fraud involves the same acts but through mail. 18 U.S.C. § 1341.

"[A] RICO plaintiff must satisfy two elements, injury and causation." *Price v. Pinnacle Brands*, 138 F.3d 602, 606 (5th Cir. 1998). RICO provides a private right of action to a "person injured in his business or property by reason of" a violation of § 1962. 18 U.S.C. § 1964(c). But in cases alleging mail or wire fraud as predicate acts, a plaintiff need not show her reliance on the fraud. *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 676 (5th Cir. 2015), *citing Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008); *see also Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 637-38 (5th Cir. 2016). Instead, to satisfy 18 U.S.C.

§ 1964(c), a plaintiff must show the fraud was but-for and proximate cause of her injury. *Torres*, 838 F.3d at 636, *citing Bridge*, 553 U.S. at 654.

After thorough review of the Second Amended Complaint, the Court finds Plaintiff has still not met the heightened pleading standard for a RICO claim. While Plaintiff's Amended Complaint includes more information, it fails to show how Defendant's alleged representations caused damages. Plaintiff may not use tax evasion as an allegation for mail and wire fraud; they are separate crimes. *Compare* 26 U.S.C. § 7201 (tax evasion), *with* 18 U.S.C. § 1341, *and* 18 U.S.C. § 1343. This distinction is critical, because while mail and wire fraud are predicate acts under RICO, tax evasion is not. 18 U.S.C. 1961(1); *see Arroyo v. Oprona, Inc.*, No. H-16-852, 2017 U.S. Dist. LEXIS 142623, at *7 (S.D. Tex. Sep. 5, 2017) (finding plaintiff may not allege tax evasion as a predicate act under RICO because it is distinct from mail and wire fraud), *aff'd, Arroyo v. Oprona, Inc.*, No. 17-20576, 2018 U.S. App. LEXIS 10974 (5th Cir. Apr. 30, 2018), *revised on reh'g, Arroyo v. Oprona, Inc.*, 736 F. App'x 427 (5th Cir. 2018).

## IV. CONCLUSION

For these reasons, Defendants' MTD (Dkt. No. 26) is **GRANTED**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 28th day of September, 2022.

Rolando Olvera
United States District Judge

3