IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VANGUARD ENERGY, LLC | § § | |
| Plaintiff, | § § | Civil Matter No.: 1:21-cv-00117 |
| | § § § § | |
| v. | § § | |
| GLOBAL ENTERPRISE SOLUTIONS, LLC, and XD VENTURES, LLC | § § § | (JURY) |
| Defendants. | § § | |

**DEFENDANTS GLOBAL ENTERPRISE SOLUTIONS, LLC, AND XD VENTURES, LLC'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Global Enterprise Solutions, LLC ("GES") and XD Ventures, LLC ("XD") file this their Motion for Summary Judgment and would respectfully show the Court the following:

**I.    NATURE AND STAGE OF PROCEEDING**

1. This lawsuit revolves around Vanguard Energy, LLC's ("Vanguard") misappropriation of ultra-low sulfur diesel fuel ("ULSD"). GES financed the purchase of certain fuel that XD bought. Most of the fuel was moved to Maverick Terminal Brownsville, LLC ("Maverick") in Brownsville, Texas.

2. On or about February 17, 2021, GES financed XD's purchase of 24,241.60 bbls of fuel. Additionally, on or about March 28, 2021, GES financed XD's purchase of 24,101 bbls of fuel (collectively herein the "Fuel").

3. XD secured title to the Fuel, which was moved to Maverick.

4. The import, export, and movement of fuel products is highly regulated at the state and federal levels. The following definitions apply to this case:

**Terminal.** An IRS-approved motor fuel storage and distribution facility to which a terminal control number has been assigned, to which motor fuel is supplied by pipeline or marine vessel, and from which motor fuel may be removed at a rack. 34 T.A.C. § 3.441(a)(21).

**Position holder.** The person who holds the inventory position in motor fuel in a terminal, as reflected on the records of the terminal operator. A person holds the inventory position in motor fuel when that person has a contract with the terminal operator for the use of storage facilities and terminaling services for motor fuel at the terminal. The term includes a terminal operator who owns motor fuel in the terminal. *Id.* at § 3.441(a)(16).

**Supplier.** A person subject to the general taxing jurisdiction of this state who … is registered under Internal Revenue Code § 4101, for transactions in motor fuel in the bulk transfer/terminal system; and …. *Id.* at § 3.441(a)(20).

5. XD is a supplier; as such, a taxable fuel registrant that is registered under Internal Revenue Code § 4101 for transactions in motor fuel. The Fuel titled in XD's name was transferred to Maverick Terminal. The Fuel was discharged in Vanguard's tanks at the Maverick terminal, and unbeknownst to Defendants, Vanguard sold some of it despite no agreement with Defendants. Defendants requested a full accounting for the Fuel, and Vanguard refused to comply. XD has lost millions of dollars of Fuel because of Vanguard's misdeeds. GES lost the money it used to finance XD's purchase of the Fuel.

6. Despite no agreement existing between Defendants and Vanguard, Vanguard has asserted several declaratory judgment claims in this lawsuit:

- Vanguard seeks a judgment pursuant to 28 U.S.C. § 2201 declaring the rights, obligations, and other legal relations of Vanguard, GES, and XD related to the Fuel and the excise taxes GES and XD owe on the Fuel.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that the Fuel was subject to federal excise tax.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring the ownership of the Fuel.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that XD and GES were required to pay federal excise taxes on the Fuel.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that XD, GES, or XD and GES owe Vanguard $607,296.48 for the excise taxes Vanguard assumed on XD's behalf.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that XD, GES, or XD and GES owe Vanguard the damages and penalties it incurred as a result of XD and GES's refusal to pay Vanguard for Defendants' excise tax obligation, including revenue lost as a result of GES's actions to attempt to recuperate its losses.

*See* Doc. 24.

## II. PROCEDURAL HISTORY

7. On August 3, 2021, Plaintiff filed its Original Complaint (Doc. 1).

8. On September 30, 2021, Defendants filed their Rule 12 Motion to Dismiss (Doc. 9) along with their Answer, Affirmative Defenses, and Counterclaims, all of which were filed subject to Defendants' Rule 12 Motion to Dismiss (Doc. 10).

9. On October 21, 2021, Plaintiff filed its Amended Complaint, resulting in the Court's entry of a signed order denying Defendants' Motion to Dismiss as moot (Doc. 17).

10. On November 4, 2021, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed and Counter-Claim subject to Defendants' Rule 12 Motion to Dismiss (Doc. 19).

11. On November 4, 2021, Defendants filed their Second Rule 12 Motion to Dismiss (Doc. 18).

12. On January 14, 2022, the Court granted Defendants' Motion to Dismiss in part (Doc. 18) and granted Plaintiff's Motion for Leave (Doc. 20) only in relation to Plaintiff's RICO claim.

13. Defendants filed their Motion for Reconsideration and Request for Hearing (Doc. 25), which was denied by the Court on May 11, 2022 (Doc. 31).

14. The Court granted Defendants' Third Rule 12 Motion to Dismiss, dismissing

Vanguard's claims with the exception of the declaratory action. (Doc. 32; Doc. 40).

### III.   ISSUE TO BE RULED UPON

15.   Defendants GES and XD are entitled to a summary judgment dismissing Plaintiff's declaratory judgment action because a declaratory judgment action requires the parties to litigate some underlying claim or cause of action. A declaratory judgment is not a cause of action, only a form of relief the court may grant.

### IV.   ARGUMENTS AND AUTHORITIES

**A.   Summary Judgment Standard**

16.   "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Firstbank v. TZK Invs., LLC*, 604 F. Supp. 3d 451, 456 (E.D. Tex. 2022) ("Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.") (internal quotations omitted). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Wilson v. City of Southlake*, 936 F.3d 326, 329 (5th Cir. 2019) (quoting *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 [5th Cir.2000]). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To show that a fact cannot be genuinely disputed, the movant must cite "to particular parts of materials in the record, including . . . documents, electronically stored information, affidavits or declarations . . . admissions, interrogatory answers, or other materials" or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

17.   "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific

4

facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). While the court must view all evidence and factual inferences in the light most favorable to the non-movant, "the non-movant may not rely on mere allegations in the pleadings; rather, the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Miss. River Basin All. v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

18. Once the court determines that no reasonable juror could find for the non-movant, the court must grant summary judgment. *See Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002); Fed. R. Civ. P. 56(c).

**B. Vanguard's Declaratory Judgment Action Fails to Depend on a Viable Underlying Cause of Action.**

19. A declaratory judgment requires a justiciable case or controversy between the parties. *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. App'x. 398, 400 (5th Cir. 2011). To demonstrate whether an active controversy exists, a party must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future" which "may not be conjectural, hypothetical, or contingent." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

20. "Entitlement to declaratory relief is dependent upon the plaintiff first pleading a viable underlying cause of action." *Sivertson v. Citibank, N.A.*, 390 F. Supp. 3d 769, 794 (E.D. Tex. 2019) (quoting *Endsley v. Green Tree Servicing LLC*, No.5:15CV151-RWS-CMC, 2017 U.S. Dist. LEXIS 69778, 2017 WL 1856281, at *11 (E.D. Tex. Feb. 8, 2017), *report and recommendation adopted*, No. 5:15-CV-151-RWS-CMC, 2017 U.S. Dist. LEXIS 69424, 2017 WL 1862191 (E.D. Tex. May 8, 2017)). "Where all the substantive, underlying claims are subject to dismissal, a claim for declaratory relief cannot survive." *Id.* (quoting *Wallace v. U.S. Bank, N.A.*, Civil Action No. 4:17-CV-437, 2018 U.S. Dist. LEXIS 38546, at *8 (E.D. Tex. 2018).

21. The Federal Declaratory Judgment Act is merely a procedural device that creates no standalone cause of action. *Collins v. Nat'l Football League*, 566 F. Supp. 3d 586, 602-03 (E.D. Tex. 2021). Rather, the viability of a party's request for declaratory relief is dependent on that party's ability to assert a viable substantive cause of action. *E.g., Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action . . . that is actually litigated in a declaratory judgment action.").

22. Despite no agreement existing between any Defendant and Vanguard, Vanguard has asserted several declaratory judgment claims in this lawsuit:

- Vanguard seeks a judgment pursuant to 28 U.S.C. § 2201 declaring the rights, obligations, and other legal relations of Vanguard, GES, and XD related to the Fuel and the excise taxes GES and XD owe on the Fuel.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that the Fuel was subject to federal excise tax.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring the ownership of the Fuel.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that XD and GES were required to pay federal excise taxes on the Fuel.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that XD, GES, or XD and GES owe Vanguard $607,296.48 for the excise taxes Vanguard assumed on XD's behalf.

- Vanguard specifically seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that XD, GES, or XD and GES owe Vanguard the damages and penalties it incurred as a result of XD and GES's refusal to pay Vanguard for Defendants' excise tax obligation, including revenue lost as a result of GES's actions to attempt to recuperate its losses.

*See* Doc. 24.

23. As this Court previously ruled, Vanguard's claims have been dismissed with the exception of its action seeking declaratory relief. Thus, with the dismissal of its claims, Vanguard no longer has any viable underlying causes of action left in the suit. None of Vanguard's declaratory judgment claims create a justiciable case or controversy between the parties. Vanguard previously

pled claims that, if viable, would have created a justiciable case or controversy to support their declaratory judgment claims. However, the Court dismissed these claims, and Vanguard has not pled any new viable substantive cause of action that Vanguard's declaratory judgment claims are dependent on. *Collin Cty*, 915 F.2d at 171. Instead, Vanguard is asking this Court to declare "the rights" of the parties and declare Defendants owe Vanguard damages without alleging any underlying cause of action that provides such "rights" or damages. Because all of Vanguard's substantive, underlying claims were dismissed, its claims for declaratory relief cannot survive. *Sivertson*, 390 F. Supp. 3d at 794.

24.     There is no genuine issue of material fact that Vanguard has failed to plead a viable substantive cause of action that its declaratory judgment claims are dependent on. As such, this Court should grant Defendants' Motion for Summary Judgment and dismiss Vanguard's declaratory judgment claims.

## V.     CONCLUSION

For all the foregoing reasons, Defendants ask the Court to grant this motion; dismiss Plaintiff's claims against Defendants with prejudice; and order that Defendants are entitled to their reasonable and necessary attorneys' fees and costs—in an amount to be proven after ruling on this motion. Defendants also ask for any other relief to which they are entitled.

Dated: September 12, 2023.

Respectfully submitted,

**Butch Boyd Law Firm**

*/s/ Butch Boyd*
Butch Boyd (Lead Attorney)
State Bar No. 00783694
butchboyd@butchboydlawfirm.com
Jillian Scherrer
State Bar No. 24117793
jillianscherrer@butchboydlawfirm.com
2905 Sackett Street
Houston, TX 77098
Phone: (713) 589-8477

Fax: (713) 589-8563

***Counsel for Defendants Global Enterprise Solutions, LLC and XD Ventures, LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of September 2023, via the CM/ECF system, and served upon all counsel of record via Electronic Mail, as follows:

*<u>Via CM/ECF &  Email</u>*
E. Michael Rodriguez
mrodriguez@atlashall.com
Eduardo Roberto Rodriguez
errodriguez@atlashall.com
Atlas Hall & Rodriguez, LLP
222 N. Expressway, Suite 203
Brownsville, Texas 78520
Phone: (956) 574-9333
Fax: (956) 574-9337
**Attorneys for Plaintiff Vanguard Energy, LLC**

*/s/ Butch Boyd*
BUTCH BOYD
