UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **Vanguard Energy LLC,** | Civil Action No. |
| Plaintiff; | |
| v. | 1:21-CV-00117 |
| **Global Enterprise Solutions LLC and XD Ventures LLC,** | |
| Defendants. | Jury Demand |

**PLAINTIFF VANGUARD ENERGY LLC'S MOTION FOR LEAVE TO FILE LATE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Comes Now, Plaintiff Vanguard Energy LLC, ("Plaintiff"), by and through undersigned counsel, file this Motion for Leave to File Late Response to Defendants' Motion for Summary Judgment. In support of the motion, the Plaintiff submits that good cause exists for the motion as follows:

1. "Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where the party failed to act because of excusable neglect." *Rasco v. Potter*, 265 F. App'x 279, 283 (5th Cir. 2008) (per curiam) (quoting Fed. R. Civ. P. 6(b)(1)); *see also Homelife in the Gardens, LLC v. Landry*, No. 16-15549, 2018 WL 310377, at *1 (E.D. La. Jan. 5, 2018) (applying the "excusable neglect" standard to deny defendant's motion for leave to file an untimely opposition). To determine excusable neglect, a court considers "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156,

161 n.8 (5th Cir. 2006) (quoting *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980)). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2020 WL 2812866, at *2 (N.D. Tex. May 30, 2020) (quoting *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam)).

2. On September 12, 2023, Defendants filed their Motion for Summary Judgment ("Motion"). Dkt. No. 47. According to the Civil Procedures of Judge Rolando Olvera, Plaintiff was required to file a response by October 3, 2023. *See* Rule 6C(2) (requiring that "responses to motions must be filed within 21 days from the date the motion was filed with the District Clerk's Office.")

3. Plaintiff asserts that the reason for the late filing of its response to Defendants' Motion is due to a calendaring mistake as Plaintiff's counsel inadvertently and mistakenly initially scheduled the deadline to file Plaintiff's response for October 10, 2023. In addition, Plaintiff's counsel was unsure if the response deadline was extended to October 24, 2023 given the Court's Order requesting additional briefing on October 4, 2023. *See* Dkt. No. 49.

4. Counsel for Plaintiff has been engaged in trial preparation, mediation, and motions hearings in two large construction cases. *City of Alice v. Naismith and Marshal Co. Ltd,* that was set to be arbitrated on October 16, 2023, and the other BISD v. D. Wilson Construction Company, et. al. Cause No. 2017-DCL-04616, 357th Judicial District Court, which is set for November 13, 2023. As lead counsel in both construction cases, and in the instant case, the undersigned has been extremely occupied which undoubtedly led to the miscalculation of the response date.

5. The Fifth Circuit has acknowledged that "the ordinary meaning of neglect 'encompasses both simple, faultless omissions to act and, more commonly, omissions caused by

carelessness.'" L.A. Pub. Ins., 17 F.4th at 525 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 388 (1993)). Moreover, the court notes that the excusable neglect inquiry "contains leeway for parties who make good-faith mistakes." *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 282-83 (5th Cir. 2019) (stating that the excusable neglect determination is "at bottom an equitable one, taking account of all relevant circumstances"). Here, the relevant factors indicate excusable neglect. First, the record does not reflect that Plaintiff acted in bad faith. Second, the delay will be relatively short: Plaintiff will file a response by October 16, 2023. Third, Defendants will not be prejudiced by Plaintiff's delay as the updated briefing schedule will allow 8 days to complete their reply and supplemental briefing.

6. Given the above, Plaintiff respectfully requests that the Court find that Plaintiff has demonstrated excusable neglect. *See Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (affirming the district court's finding that the calendar error of plaintiff's counsel was excusable neglect); *Theriot v. Bldg. Trades United Pension Tr. Fund*, No. 18-10250, 2022 WL 2191668, at *3 (E.D. La. June 17, 2022) (finding plaintiff's calendaring error was excusable neglect).

WHEREFORE, the Plaintiff respectfully requests that the Court grant Plaintiff's Motion and extend Plaintiff's response deadline to Defendants' Motion for Summary Judgment to October 16, 2023.

Respectfully Submitted,

/s/*Michael Rodriguez*
Michael Rodriguez
State Bar No. 00791553
Federal ID No. 18759
222 N. Expressway 77, Ste 203
Brownsville, TX 78521-2258
Telephone no. (956) 574-9333
Telecopy No. (956) 574-9337

Attorney in Charge for Plaintiff
Vanguard Energy LLC

**Certificate of Service**

I hereby certify that a true and correct copy of this filing has been served via the Court's electronic filing system, on October 10, 2023, upon all counsel of record as follows:

Ernest W. "Butch" Boyd
State Bar No. 00783694
butchboyd@butchboydlawfirm.com
Jeremy R. Stone
State Bar No. 24013577
jeremystone@butchboydlawfirm.com
Michael J. Blanchard
State Bar No. 24036231
mikeblanchard@butchboydlawfirm.com
2905 Sackett Street
Houston, TX 77098
Phone: (713) 589-8477
Fax:(713) 589-8563

**Counsel for Plaintiff**

*/s/ Michael Rodriguez*
Michael Rodriguez

**Certificate of Conference**

I hereby certify that on October 6, 2023, I conferred with counsel for Defendants via email regarding the issues presented herein. Counsel for Defendants have not responded to my request.

**Counsel for Plaintiff**

*/s/ Michael Rodriguez*
Michael Rodriguez